IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IRWIN HICKS, JR.,

    Plaintiff,

vs                            Case No. 4:16cv416-WS/CAS

JULIE JONES, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding pro se and in forma pauperis, initiated this civil rights case in July 2016. After review of the initial complaint, ECF No. 1, Plaintiff was directed to file an amended complaint. ECF No. 7. The Order explained the various deficiencies with his original complaint and explained the distinction between a civil rights case and a habeas petition. *Id.* The Order concluded by advising Plaintiff:

> Plaintiff contends that he has been unlawfully imprisoned and seeks release from prison in addition to monetary compensation. ECF No. 1 at 6. Release from prison is not a possible remedy in a civil rights case. Such relief is only possibly in a habeas petition.

*Id.*

Plaintiff's amended complaint, ECF No. 8, has been reviewed as required by 28 U.S.C. § 1915A and does not demonstrate a plausible civil rights claim that can proceed. Plaintiff's amended complaint is brought against Sheriff Gary Boaders, a police officer, numerous state court judges, the Florida Attorney General, an Assistant Attorney General, the State Attorney, the Clerk for the Florida Supreme Court, and a private attorney. Plaintiff alleges that he was arrested in February 2014 and charged with possession of controlled substances without a prescription. Plaintiff was subsequently charged with possession of cocaine in April 2014. ECF No. 8 at 8. Plaintiff now contends that his motion to discharge his cases because of a speedy trial violation was improperly denied. *Id.* at 8-9. He further contends that his petition for habeas corpus was erroneously denied and he was wrongfully convicted and sentenced to 20 years in prison. *Id.* at 9. Plaintiff sought to challenge these events in an appeal before the Florida Fifth Circuit Court of Appeal which was dismissed. *Id.* at 10. Plaintiff sought to appeal to the Florida Supreme Court, but the Court returned the case to the trial court. *Id.*

In the meantime, Plaintiff received a summons in a civil matter concerning the foreclosure of an apartment building Plaintiff owned. ECF

No. 8 at 11.  Plaintiff's motion to be transferred to the court for a hearing in that case was denied and Plaintiff's property, it appears, was to be sold.[1]  *Id.*

Plaintiff alleges that Defendants "falsely imprisoned him and deprived him of life and liberties beyond due process of law . . . ."  ECF No. 8 at 12.  Plaintiff contends his right to speedy trial was violated, as well as his double jeopardy and equal protection rights.  *Id.*  Plaintiff's seeks monetary damages and "any other relief" that is just and proper.  *Id.*

As Plaintiff was previously advised, there are "two broad categories of prisoner petitions: (1) those challenging the fact or duration of confinement itself; and (2) those challenging the conditions of confinement."  Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *see also* Hill v. McDonough, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006) (holding that challenge to lethal injection procedures may be brought in § 1983 action).  Habeas corpus is the exclusive remedy

---

[1] Judicial notice is taken that the Florida Fifth District Court of Appeal recently reversed the foreclosure judgment in Hicks v. Sarping, LLC, 196 So. 3d 1287 (Fla. 5th DCA 2016) (holding that Plaintiff should have been given "an opportunity to be heard at the foreclosure hearing, whether in person or by telephone.").  On August 12, 2016, the case was reversed and remanded for further proceedings.  Plaintiff, thus, has an avenue in which to challenge the foreclosure.  In any event, he provided no specific facts alleging the violation of a constitutional right concerning that foreclosure action.

for a prisoner who challenges "the fact or duration of his confinement and seeks immediate or speedier release . . . ." Heck v. Humphrey, 512 U.S. 477, 481, 114 S.Ct. 2364, 2369 (1994). Where a litigant is not challenging the fact or duration of confinement, but rather the conditions of that confinement, then civil rights is the proper avenue of relief. *See* Porter v. Nussle, 122 S.Ct. 983, 989, 122 S.Ct. 983, 990, 152 L.Ed.2d 12 (2002), *citing* McCarthy v. Bronson, 500 U.S. 136, 111 S.Ct. 1737, 114 L.Ed.2d 194 (1991) and Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

Here, Plaintiff is seeking to collaterally challenge his incarceration through this civil rights case. This he cannot do. "[I]f the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a § 2254 habeas petition, not a § 1983 civil rights action." Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006).

Plaintiff cannot claim in this civil rights case that his speedy trial rights were violated because he was convicted of the crimes charged.[2] A plaintiff

---

[2] The Department of Corrections' website reveals Plaintiff was convicted of five offenses and sentenced on July 15, 2014.

Case No. 4:16cv416-WS/CAS

may not bring a civil rights claim to obtain monetary damages if judgment in plaintiff's favor would "necessarily imply the invalidity of his conviction." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994).  Plaintiff may not obtain relief on a claim for a violation of his speedy trial rights as that would necessarily imply the invalidity of his convictions.  That is so because "[t]he sole remedy for a violation of the speedy trial right [is] dismissal of the charges."  Betterman v. Montana, 136 S. Ct. 1609, 1615, 194 L. Ed. 2d 723 (2016) (citing Strunk v. United States, 412 U.S. 434, 440, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973)); *see also* Reed v. Farley, 512 U.S. 339, 367-368, 370, 114 S.Ct. 2291, 2307 (1994).  Because dismissal is the "only possible remedy" for a violation of the right to speedy trial, Barker v. Wingo, 407 U.S. 514, 522, 92 S.Ct. 2182, 2188 (1972), and if that remedy were wrongfully denied by the trial court, it would imply the invalidity of his conviction.  Plaintiff's only avenue of relief was to appeal his conviction and seek relief through the filing of a habeas petition.  Plaintiff may not, however, obtain relief on such a claim in a civil rights action.

    Plaintiff's claims which raise double jeopardy and equal protection violations must be dismissed because they are conclusory and unexplained

by Plaintiff's statement of facts.  Moreover, because both of these claims are challenges to the "lawfulness of confinement," the claim necessary "falls solely within 'the province of habeas corpus' under § 2254." Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006); see also Heck v. Humphrey, 512 U.S. 477, 486, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) (remarking that § 1983 actions seeking monetary damages "are not appropriate vehicles for challenging the validity of outstanding criminal judgments" if success on the claim necessarily requires a plaintiff "to prove the unlawfulness of his conviction or confinement").  "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."  Heck, 512 U.S. at 487, 114 S. Ct. at 2372.  Plaintiff's constitutional claims are not cognizable and this case must be dismissed.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 8, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note

on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on October 18, 2016.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:16cv416-WS/CAS